UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ANTHONY TUCKER #591327,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-01269 |
| v. | ) |
| | ) |
| **MR. A. WASHINGTON,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Anthony Tucker, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2); a Motion to Produce Documents (Doc. No. 3); Motion for Preliminary Injunction and Temporary Restraining Order (Doc. No. 6); Amended Complaint (Doc. No. 8), "Motion for Additional Documents, Electronically Stored Information and Tangible Things or Entering onto Land for Inspection and Other Purpose. Rule 34" (Doc. No. 14); Second Motion for Preliminary Injunction (Doc. No. 17); Motion to Produce Documents and Tangible Things Rule 34" (Doc. No. 18); and Motion to Request Additional Documents (Doc. No. 19). In addition, Plaintiff has filed numerous Notices (Doc. Nos. 9, 10, 13, 14, 15) and a letter (Doc. No. 20).

**I. FILING FEE**

By Order entered on November 4, 2024, the Court informed Plaintiff that he must submit a certified copy of his inmate trust account statement to proceed with this action. (Doc. No. 7). Plaintiff now has submitted the required statement (Doc. No. 11). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted

1

to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case

number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the Northwest Correctional Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTIONS FOR PRELIMINARY INJUNCTION

Plaintiff has filed a a Motion for Preliminary Injunction and Temporary Restraining Order ("first motion") (Doc. No. 6) and a second Motion for Preliminary Injunction (Doc. No. 17) ("second motion"). The second motion seeks immediate injunctive relief; thus, the Court construes that motion as also requesting a temporary restraining order ("TRO"). See Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008) (because, in the Sixth Circuit, the "same factors [are] considered in determining whether to issue a TRO (Temporary Restraining Order) or preliminary injunction", the Court can evaluate both a TRO motion and a motion seeking a preliminary injunction by the same analysis). As explained below, however, the Court cannot consider the merits of either motion in its current form.

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588,

3

Case 3:24-cv-01269   Document 21   Filed 01/02/25   Page 3 of 5 PageID #: 179

600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, although Plaintiff's first motion appears to comply with the other requirements, Plaintiff has not explained in writing what particular efforts efforts he made to give notice to Defendants or why notice should not be required prior to seeking emergency injunctive relief. Neither does Plaintiff in his second motion.[1] As noted above, this district requires "strict compliance" with the notice provision by pro se parties such as Plaintiff. Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate his motion seeking immediate emergency relief on the merits. Accordingly, the Court **DENIES** Plaintiff's first and second motions. (Doc. Nos. 6, 17). The denial is without prejudice to Plaintiff's ability to file a procedurally compliant motion, if appropriate.

Nevertheless, the Court is concerned by Plaintiff's allegations that certain Defendants are interfering with and delaying Plaintiff's cancer treatments. These are serious allegations, and the Court takes them seriously. The Court expects prison officials to provide appropriate and timely medical treatment to prisoners.

In short order, the Court will be conducting the required initial screening of Plaintiff's amended complaint as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§

---

[1] While Plaintiff's original complaint is verified, his amended complaint is not. (See Doc. Nos. 1 and 8). Plaintiff has not submitted an affidavit in this action.

1915(e)(2) and 1915A, at which time the Court will consider whether any portion of Plaintiff's complaint fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Plaintiff's allegations will be assumed true for purposes of the required PLRA screening.

Plaintiff's other pending motions will be addressed by forthcoming order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE