UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY TUCKER #591327, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:24-cv-01269 |
| v. ) | |
| ) | |
| MR. A. WASHINGTON, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

Anthony Tucker, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se, in forma pauperis complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. Nos. 1, 21). He also filed a Motion to Produce Documents (Doc. No. 3); "Motion for Additional Documents, Electronically Stored Information and Tangible Things or Entering onto Land for Inspection and Other Purpose. Rule 34" (Doc. No. 14); Motion to Produce Documents and Tangible Things Rule 34" (Doc. No. 18); Motion to Request Additional Documents (Doc. No. 19); Motion to Supplement Pleading (Doc. No. 22); and Motion for Preliminary Injunction (Doc. No. 26).

## I. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a a Motion for Preliminary Injunction. (Doc. No. 26). This is Plaintiff's third motion seeking immediate injunctive relief. (See Doc. Nos. 6. 17). The two previous motions were denied. (Doc. No. 21).

If the Court construes this motion as requesting a temporary restraining order ("TRO"), Plaintiff has once again failed to comply with the procedural requirements for filing such a motion. As the Court has instructed previously, in this district, a movant seeking a temporary

1

restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, although Plaintiff's motion appears to comply with the other requirements, Plaintiff has not explained in writing what particular efforts efforts he made to give notice to Defendants or why notice should not be required prior to seeking emergency injunctive relief. This district requires "strict compliance" with the notice provision by pro se parties such as Plaintiff. Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate his motion if construed as a TRO seeking immediate emergency relief on the merits.

Even if the Court were to reach the merits, however, Plaintiff has not demonstrated that he is entitled to emergency injunctive relief at this time. Federal Rule of Civil Procedure 65 governs the Court's power to grant injunctive relief, including TROs without notice. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable

2

injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." Stenberg v. Checker Oil Co., 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted). "Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." Ciavone v. McKee, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002)). Further, where "a preliminary injunction is mandatory— that is, where its terms would alter, rather than preserve, the status quo by commanding some positive action . . . the requested relief should be denied unless the facts and law clearly favor the moving party." Glauser-Nagy v. Med. Mut. of Ohio, 987 F. Supp. 1002, 1011 (N.D. Ohio 1997).

In determining whether to issue a TRO or preliminary injunction under Federal Rule of Civil Procedure 65, a district court must consider the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. See, e.g., Liberty Coins, LLC v. Goodman, 748 F.3d 682, 689-90 (6th Cir. 2014); Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006) (noting that the same four factors apply regardless of whether the injunctive relief sought is a TRO or a preliminary injunction). "These factors are not prerequisites, but are factors that are to be balanced against each other." Jones v. Caruso, 569 F.3d 258, 265 (6th Cir. 2009) (internal quotations omitted).

First, under controlling Sixth Circuit authority, the plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his action. Liberty Coins, 784 F.3d at 689-90. At this point, Plaintiff has not made such a showing.

The Amended Complaint (Doc. No. 8) alleges, among other allegations, that Defendants failed (and are failing) to provide Plaintiff with appropriate and timely medical care for a malignant tumor and back issues. The Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. See Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. See Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984). The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id.

The Amended Complaint and Memorandum in Support of Plaintiff's Motion for Preliminary Injunction allege that Plaintiff has been diagnosed with prostate cancer and spinal stenosis and degeneration. These medical conditions as described are sufficiently serious. See Rouster, 749 F.3d 437, 446. While the Amended Complaint acknowledges that Plaintiff received some medical care for these conditions at more than one Tennessee prison, Plaintiff is not satisfied with the speed or quality of the care he received. However, complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. Estelle, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. Id. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

The Court acknowledges that Plaintiff has submitted no less than five filings by which he seeks to supplement the Amended Complaint. (See Doc. Nos. 13, 16, 22, 23, 25). It appears that Plaintiff wishes to provide the Court with more information about his medical conditions, appointments, scheduling issues, and Defendants' states of mind with regard to Plaintiff's medical treatment. If more fully developed, Plaintiff's allegations could state colorable deliberate indifference claims under Section 1983 against some or all Defendants. However, at this time,

Plaintiff has not demonstrated a strong or substantial likelihood of success on the merits of his action.

With regard to the second factor of irreparable harm, Plaintiff alleges that he is experiencing a high level of pain and mobility issues and fears that he will die if he does not receive medical attention for his cancer. At this time, the record does not contain Plaintiff's relevant medical records, responses to sick call requests, and other supporting documentation for his allegation that Defendants refuse to provide him with medical attention. See McNutt v. Centurion Medical, No. 2:17-CV-212, 2018 WL 735227, at *6 (E.D. Tenn. Feb. 5, 2018) (finding that, with respect to the second factor to consider in granting a TRO, the prisoner-plaintiff had failed "to present any admissible evidence from a medical professional illustrating that he is receiving inadequate medical care or that he needs surgery.").

The Court recognizes that Plaintiff has filed motions seeking the discovery of these records. These motions, however, are premature as the Court has not completed the required screening of the prisoner complaint pursuant to the Prison Litigation Reform Act. ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Furthermore, even if the PLRA screening already had occurred and Defendants had been served, discovery is not typically filed with the Court; the process proceeds between the parties unless there is a disagreement they cannot resolve. Plaintiff's motions seeking discovery (Doc. Nos. 3, 14, 18, 19) therefore, are **DENIED WITHOUT PREJUDICE**.

Third, a temporary restraining order in this situation could cause substantial harm to others because it would remove from prison officials the deference that they are generally afforded in the administration and control of the prison. See McNutt, 2018 WL 735227, at *6; Eads v. Tenn., No. 1:18-cv-00042, 2018 WL 4283030, at *16 (M.D. Tenn. Sept. 7, 2018)

("Moreover, in considering the harm that issuance of a TRO would have on others, the Court must tread carefully in recognition that the state prison setting is unique . . . ."). "Decisions concerning the administration of prisons are vested in prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive." McNutt, 2018 WL 735227, at *6 (citing Griffin v. Berghuis, 563 F. App'x 411, 417-18 (6th Cir. 2014)). The Northwest Correctional Complex (where Plaintiff is incarcerated) has an interest in "promulgating and enforcing prison regulations, including reasonable rules involving prisoner health care . . . ." Robbins v. Payne, No. 11-15140, 2012 WL 3584235, at *3 (E.D. Mich. July 9, 2012) (denying plaintiff's motion for preliminary injunctive relief), adopted by 2012 WL 3587631 (E.D. Mich. Aug. 20, 2012). Additionally, where a prison inmate seeks an order enjoining state prison officials, the Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. See Glover v. Johnson, 855 F.2d 277, 284 (6th Cir. 1988); Kendrick v. Bland, 740 F.2d 432 at 438 n.3 (6th Cir. 1984).

Finally, the Court does not find that the public interest would be particularly impacted by the issuance or non-issuance of the requested injunction. "[W]hile there is a public interest served by upholding the civil rights of all individuals, there is also strong public interest in leaving the administrative matters of state prisons in the hands of jail officials." McCord v. Maggio, 910 F.2d 1248, 1250 (1990) (holding prisoner housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances).

For these reasons, the Court finds that Plaintiff has not carried his burden for issuance of emergency injunctive relief. Therefore, Plaintiff's Motion for a Preliminary Injunction (Doc. No.

7

26) is **DENIED**. However, the denial is without prejudice to renew, if appropriate, procedurally compliant, and supported by the required documentation.

### III. MOTIONS TO SUPPLEMENT

Plaintiff has submitted multiple filings by which he seeks to supplement the Amended Complaint, adding new allegations and Defendants. (See Doc. Nos. 13, 16, 22, 23, 25). Plaintiff, however, does not cite any authority for his ability to unilaterally add new claims in separate filings. To the contrary, litigants may not plead their claims "in a piecemeal fashion by filing separate documents that are intended to be read together," but must file a single pleading "that is complete within itself." Gould v. California Dep't of Corr. & Rehab., No. 19-CV-00015-HSG, 2019 WL 2059660, at *3 (N.D. Cal. May 9, 2019). Plaintiff's many supplemental fillings, therefore, are inappropriate. Wilson v. United States, No. 3:18-CV-00735, 2021 WL 1088178, at *8 (M.D. Tenn. Mar. 22, 2021).

Plaintiff is advised that he cannot litigate this action or any action in this Court by way of "supplements," "notices," or letters to the Court. Even though Plaintiff is proceeding pro se and the Court will take into consideration his pro se status when evaluating pleadings and pending motions, Plaintiff still is required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. If Plaintiff wishes for the court to consider arguments and evidence, he must raise them by way of timely and properly filed motions. In particular, if Plaintiff wishes to amend his Amended Complaint, he must seek permission to do so by way of a Motion to Amend. Plaintiff's Motion to Supplement Pleading (Doc. No. 22) is **DENIED**.

If Plaintiff wishes to file a Motion to Amend the Amended Complaint, he **MUST** do so within 30 days and attach to that motion his proposed Second Amended Complaint. That

8

Case 3:24-cv-01269   Document 28   Filed 02/14/25   Page 8 of 9 PageID #: 259

document should contain <u>all</u> claims and Defendants. The Court will not consider allegations raised in piecemeal letters, notices, and supplements.

## IV. CONCLUSION

If Plaintiff fails to submit a Motion to Amend the Amended Complaint and a proposed Second Amended Complaint by the 30-day deadline, the Court will proceed to the PLRA screening of the Amended Complaint (Doc. No. 8).

If the Court receives a proper Motion to Amend the Amended Complaint and a proposed Second Amended Complaint before the expiration of the deadline, the Court will conduct the required initial screening of the Second Amended Complaint to determine whether any portion fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE