UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANTHONY TUCKER #591327, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 3:24-cv-01269 |
| v. | ) |  |
|  | ) |  |
| TDOC, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Anthony Tucker, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se, in forma pauperis complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. Nos. 1, 21).

He also filed a Motion to Issue Summons (Doc. No. 29), Motion to Compel Discovery (Doc. No. 32), Motion to Compel (Doc. No. 36), Motion Requesting Extended Time (Doc. No. 37), Motion Requesting Stamped Copy of Proposed Summons (Doc. No. 38), Motion to Produce Documents (Doc. No. 39), Motion Requesting Interrogatories (Doc. No. 40), Motion to Issue Summons (Doc. No. 41), Motion to Extend Deadlines (Doc. No. 42). Motions to Ascertain Status (Doc. Nos. 43, 44), Motion to Extend Time and Appoint Counsel (Doc. No. 47), Motion Requesting Default Judgment (Doc. No. 48), Motion Requesting Judge Waverly D. Crenshaw, Jr. to Recuse Himself (Doc. No. 49), Motion to Remove Motion Dated April 15, 2025 (Doc. No. 50), Motion to Produce (Doc. No. 52), Motion to Appoint Counsel (Doc. No. 53), "Abuse Discretion Motion" (Doc. No. 57), Motion to Dismiss (Doc. No. 60), and Motion Requesting a Copy of Doc. No. 8 (Doc. No. 61). The Court will address Plaintiff's recusal motion first.

1

# I. MOTION TO RECUSE

Plaintiff has filed a Motion Requesting Judge Waverly D. Crenshaw, Jr. to Recuse Himself. (Doc. No. 49).

"[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" Huth v. Hubble, No. 5:14-cv-1215, 2016 WL 6610808, at *2 (N.D. Ohio Feb. 23, 2016) (quoting United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006)). Title 28 U.S.C. §§ 144 and 455 lay out the recusal processes for judges where the judge harbors prejudice or bias for or against a party. Here, the Court will first discuss whether the undersigned has actual or personal bias against Tucker under § 455(b)(1), then discuss whether the circumstances give rise to an appearance of impropriety under § 455(a). Finally, the Court will consider whether Tucker has demonstrated a personal bias or prejudice against the undersigned or in favor of any adverse party under § 144.

### A.     28 U.S.C. § 455

Section 455(a), Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge's impartiality might reasonably be questioned "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted). Because the standard is objective, not subjective, a judge "need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held." Id. (citation and internal quotation marks omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

motion." Liteky v. United States, 510 U.S. 540, 553 (1994). Instead, judicial rulings should be grounds for appeal, not for recusal. See id.

Section 455(b)(1) provides that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). When a party cannot show partiality stemming from an extra-judicial source or personal bias, recusal is only necessary in rare circumstances. Liteky, 510 U.S. 540, 555.

Ultimately, a judge's "disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." Arrowood Indem. Co. v. City of Warren, 54 F. Supp. 3d 723, 726 (E.D. Mich. 2014) (quoting In re Allied–Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989)) (emphasis in original). The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). That is because unnecessary recusals waste judicial resources. City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir. 1980).

1. **28 U.S.C. § 455(b)(1)**

Tucker identifies three grounds for the undersigned to recuse himself: (1) he did not grant Tucker's Motion for a Preliminary Injunction; (2) he denied Tucker's discovery requests; and (3) he made remarks in one of Tucker's prior cases before the undersigned, Case No. 3:17-cv-671. (Doc. No. 49 at 1-2). None of these grounds provides reason for the undersigned to recuse himself under § 455(b)(1).

3

Tucker's argument with respect to the first ground is courts should never deny a motion for preliminary injunction when the purpose of the motion is to obtain cancer treatment; therefore, the undersigned's denial of Tucker's motion demonstrates personal bias against Tucker. (Doc. No. 49 at 1). While Tucker is correct that requests for cancer treatment should be taken seriously (as should all requests for emergency relief), the law does not contain a blanket requirement that all such motions be granted. In any event, the undersigned did not deny Tucker's motion on the merits. The motion was denied because it was procedurally noncompliant. (See Doc. No. 28 at 1-2). Yet, the undersigned went the extra step to consider whether the motion would be granted if it had been procedurally compliant, carefully evaluating each factor. (See id. at 2-9). This extra step, which was not required by the Court, reflects that the undersigned seriously considered Tucker's allegations. The undersigned determined (among other things) that Tucker's allegations could state colorable deliberate indifference claims under Section 1983 against some or all Defendants; however, on the record before the Court at that time, Tucker had not demonstrated a strong or substantial likelihood of success on the merits primarily because he appeared to be contesting the *adequacy* of the medical treatment he had received. (See id. at 5-6). As noted above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. 540, 553. Because the undersigned denied the motion without prejudice, Tucker is free to correct the procedural noncompliance, revise his motion as desired, and renew his motion at any time.

Tucker's second ground for recusal is that the undersigned denied his discovery requests. However, as the Court has explained on multiple occasions, Tucker's discovery requests were denied without prejudice because they were prematurely filed. Tucker filed them before the Court has undertaken the required PLRA screening of the complaint and before any Defendant

4

has been served. Discovery does not commence until after the Court has determined that at least one viable claim exists and orders the issuance of summonses for the remaining Defendants. Even then it should proceed without the Court's intervention unless and until the parties cannot resolve a discovery-related conflict on their own.

Tucker's third ground for recusal is that "it[']s apparent [the undersigned] cannot be impartial due to his remarks in Case # 3:17-CV-671 Tucker v. Sandusky." (Doc. No. 49 at 2). Tucker does not identify the remarks to which he is referring. In Case No. 3:17-cv-671, the undersigned granted Tucker's IFP Application and conducted the required PLRA screening of his prisoner complaint. (Doc. No. 6). In so doing, the undersigned dismissed Tucker's Section 1983 claims against the Rutherford County Jail based on well-settled law that a jail is place and not a "person" who can be sued under Section 1983. (Id. at 4). The undersigned then considered Tucker's claims related to a recently-implemented jail policy prohibiting inmates from possessing more than three books in their cell at any one time; Tucker alleged that, after a cell search, his personal books valued at over $300 had been taken without his consent. Applying precedent, the undersigned determined that, because Tucker had not availed himself of available and adequate state post-deprivation remedies, his due process claims against the remaining defendants must be dismissed. Again, the dismissal was without prejudice, meaning that Tucker could complete the state post-deprivation process and, if dissatisfied with the result, he could return to this Court. The undersigned also noted: "If it is true that the Rutherford County Adult Detention Center's current policy, as implemented by employees as a matter of policy, custom, and practice, is that inmates are required over their objections to donate their personal books to the jail's library, the Court questions whether such a policy can withstand constitutional muster."

(Id. at 6 n. 1). The Court's rulings reflect the application of existing precedent and a concern about the policies Tucker alleged in his complaint, not bias against Tucker.

In summary, Tucker has not met his "substantial burden" of proving that the undersigned must recuse himself under § 455(b)(1). Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007). "The burden is not on the judge to prove that he is impartial." Id.

### 2. 28 U.S.C. § 455(a)

Although mindful of its duty to sit where disqualification is not required, there are circumstances where, in the Court's sound discretion, it may be appropriate for a judge to disqualify himself even when no actual partiality, bias, or prejudice exists. See Huth, 2016 WL 6610808, at *5. Looking at the grounds for recusal suggested by Tucker through the lens of § 455(a), the Court must consider whether the undersigned's impartiality might reasonably be questioned by an objective person knowing all the circumstances, regardless of Tucker's subjective belief. Here, none of the asserted bases provide grounds for the undersigned to recuse himself under § 455(a).

As noted above, judicial rulings very rarely constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. 540, 553. Although the undersigned may not have ruled as Tucker would have liked in this case or other cases Tucker filed in this Court, Tucker has presented no evidence that the undersigned's rulings were based on a bias toward him or a favoritism toward a Defendant or any third party. See Hobson v. Mattis, No. 17-6192, 2018 WL 3241369, at *2 (6th Cir. May 23, 2018) (denying Hobson's motion for recusal based on the judge's rulings against him in the case and the "hostile manner" and "tone of voice" the judge used when addressing Hobson's evidentiary matters).

6

Tucker misunderstands the basis for the undersigned's denial of his discovery motions and requests for injunctive relief. These denials do not reflect any bias or ill will against Tucker; instead, they were based on procedural rules that govern all litigants, pro se or counseled, appearing before this Court.

In summary, none of the reasons advanced by Tucker would cause an objective, reasonable person to question the undersigned's impartiality in the present matter.

### B. 18 U.S.C. § 144

Pursuant to 28 U.S.C. § 144, recusal is mandatory if a "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Recusal under 28 U.S.C. § 144 is only required when the affidavit is found to be both timely and legally sufficient by a district court judge. See Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1355 (1988). Here, Tucker did not present an affidavit in support of his Motion to Recuse so there is no reason to continue an analysis under § 144.

For the foregoing reasons, Tucker's motion (Doc. No. 49) seeking the undersigned's recusal is **DENIED**.

## II. MISCELLANEOUS MOTIONS

Plaintiff's Motions to Ascertain Status (Doc. Nos. 43, 44) are **GRANTED** insofar as the Court rules on all pending motions herein.

Plaintiff requests a copy of Doc. No. 8 (Doc. No. 61), which is the First Amended Complaint in this case. His request (Doc. No. 61) is **GRANTED**, and the Clerk is **DIRECTED** to mail Plaintiff a copy of Doc. No. 8. However, Plaintiff is advised that the most recently filed

amended complaint is Doc. No. 45.[1] See Popp v. Brewdog Brewing Co., LLC, No. 2:24-cv-338, 2024 WL 1895552, at *1 (S.D. Ohio Apr. 30, 2024) (citing Yates v. Applied Performance Techs., Inc., 205 F.R.D. 497, 499 (S.D. Ohio 2002)) (amended complaints supersede the original pleadings).

Plaintiff's Motion to Dismiss, which the Court construes as a Motion to Withdraw certain motions (Doc. No. 60), is **GRANTED**. The Clerk therefore is **DIRECTED** to term Doc. Nos. 32, 37, 47, 48, and 57 at the request of Plaintiff. Plaintiff's motion (Doc. No. 50), another motion requesting the withdrawal of Doc. No. 47, is **DENIED AS MOOT**.

In his Motion to Extend Deadlines in Case, Plaintiff asks for a delay in the case "of 50 days starting from the time he is notified by the defendants . . . ." of who their attorneys are. That motion (Doc. No. 42) is **DENIED**. Defendants have not been served yet. They are under no obligation to provide any information to Plaintiff at this time. Moreover, Plaintiff has inundated the Court with multiple filings, many of which he later asked to withdraw. His actions have already caused unnecessary delays.

### III. SUMMONS-RELATED MOTIONS

Plaintiff has filed multiple motions related to service of process. While the Court appreciates Plaintiff's concern about ensuring service of process has occurred in a timely manner, his motions are premature. Defendants cannot be served until the Court has conducted the required screening of Plaintiff's complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff has filed numerous motions and multiple amendments to his complaint along with letters, notices, and supplements, all of which have impeded the Court's ability to undertake the required screening. Thus, Plaintiff's Motion to

---

[1] As discussed later in this Memorandum Opinion, Doc. No. 45 does not comply with the Court's instructions as it consists of two separate documents. See infra at p. 11.

Issue Summons (Doc. No. 29), Motion to Compel (Doc. No. 36), Motion Requesting Stamped Copy of Proposed Summons (Doc. No. 38), and Motion to Issue Summons (Doc. No. 41) are **DENIED WITHOUT PREJUDICE**.

## IV. DISCOVERY-RELATED MOTIONS

Plaintiff has filed numerous motions pertaining to discovery, one of which he later sought to withdraw. These motions are premature as the Court has not completed the required screening of the complaint pursuant to the PLRA. Furthermore, even if the PLRA screening already had occurred and Defendants had been served, discovery is not typically filed with the Court; the process proceeds between the parties unless there is a disagreement they cannot resolve. Plaintiff's discovery-related motions (Doc. Nos. 39, 40, 52) therefore, are **DENIED WITHOUT PREJUDICE**.

## V. MOTION TO APPOINT COUNSEL

Turning to Plaintiff's Motion to Appoint Counsel (Doc. No. 53), the Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing Willett favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his request for the appointment of counsel, Plaintiff states that he is indigent, he has limited knowledge of the law, the issues in this case are complex, and Plaintiff is

suffering from cancer. (Doc. No. 53 at 1). Other than his cancer diagnosis, Plaintiff's circumstances are typical to most pro se prisoner plaintiffs. As Plaintiff has prepared and submitted voluminous Court filings, his cancer diagnosis does not appear to be limiting his ability to litigate. At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, his Motion to Appoint Counsel (Doc. No. 53) is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request for counsel later, if appropriate.

## VI. NOTICES, LETTERS, AND SUPPLEMENTS

Plaintiff has submitted multiple filings that are not motions, such as (and not limited to) "Sealed 'Confidential' Document" (Doc. No. 30) and "Notice/TDOC Inmate Grievances" (Doc. No. 31). As the Court has advised Plaintiff previously, litigants may not plead their claims "in a piecemeal fashion by filing separate documents that are intended to be read together," but must file a single pleading "that is complete within itself." Gould v. California Dep't of Corr. & Rehab., No. 19-CV-00015-HSG, 2019 WL 2059660, at *3 (N.D. Cal. May 9, 2019). Plaintiff's many supplemental fillings, therefore, are inappropriate. Wilson v. United States, No. 3:18-CV-00735, 2021 WL 1088178, at *8 (M.D. Tenn. Mar. 22, 2021).

Plaintiff is advised that he cannot litigate this action or any action in this Court by way of "supplements," "notices," or letters to the Court. Even though Plaintiff is proceeding pro se and the Court will take into consideration his pro se status when evaluating pleadings and pending motions, Plaintiff still is required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. The Court will not consider allegations raised in piecemeal letters, notices, and supplements. Plaintiff has had the opportunity to file two amended complaints and include all the information he wished to include.

## VII. AMENDED COMPLAINT NOT COMPLIANT

By Memorandum Opinion and Order entered on February 14, 2025, the Court informed Plaintiff that, if he wished to file a Motion to Amend the Amended Complaint, he must do so within 30 days and attach to that motion his proposed Second Amended Complaint. (Doc. No. 28 at 8). The Court further informed Plaintiff that the proposed Second Amended Complaint must contain all claims and Defendants. (Id. at 8-9).

Plaintiff sought an extension of time to comply with the Court's instructions and ultimately submitted what was docketed as Doc. No. 45. That filing consists of one fifteen-page document titled "Amended Rule 15 Complaint for Violation of Civil Right Under 42 U.S.C 1983" and one thirteen-page document entitled "Amended Supplemental Complaint Under Rule 15(A)2(d) 42-U.S.C 1983." This filing is not compliant with the Court's instructions. Plaintiff essentially submitted two amended complaints rather than a single document containing all claims and Defendants.

Given Plaintiff's pro se status, the Court will afford Plaintiff one final opportunity to submit an amended complaint that complies with the Court's instructions. The amended complaint must be a single document. Given Plaintiff's previous submissions, the Court recommends that Plaintiff list all Defendants, one at a time, explaining why he is suing that Defendant. Plaintiff should include any relevant dates because his claims are subject to statutes of limitation. To be considered by the Court, Plaintiff must file an amended complaint no later than 30 days after the date this Memorandum Opinion and Order is entered. No extension will be permitted. If Plaintiff fails to submit a proper amended complaint by the deadline, the Court will consider the first document filed at Doc. No. 45 to be the operative pleading in this case and screen that document.

## VIII. SUMMARY

For ease of reference and docketing, the Court summarizes the disposition of the Plaintiff's twenty motions here.

The following motions have been granted: Doc. Nos. 43, 44, 60, and 61.

The following motions have been denied: Doc. Nos. 42 and 49.

The following motions have been denied as moot: Doc. No. 50.

The following motions have been denied without prejudice: Doc. Nos. 29, 32, 36, 38, 39, 40, 41, 52, and 53.

The Clerk has been directed to term the following motions: Doc. Nos. 32, 37, 47, 48, and 57.

If Plaintiff wishes to file a proper amended complaint, he must do so no later than 30 days after the date this Memorandum Opinion and Order is entered.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE